UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB -5 PM 4:3

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PEARL ALVARADO; et al.,

      Plaintiffs - Appellants,

v.

TABLE MOUNTAIN RANCHERIA,
doing business as Table Mountain
Rancheria Association; et al.,

      Defendants - Appellees.

No.  06-15351

D.C. No.  CV-05-00093-MHP

**JUDGMENT**

Appeal from the United States District Court for the Northern District of California (San Francisco).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the Northern District of California (San Francisco) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 11/29/07

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 2 5 2008

by
Deputy Clerk

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PEARL ALVARADO; ELISHIA ARENAS;
MARIO ARENAS, JR.; DANNY
DANIELS; KATHLEEN DAVIS; CHREYL
DURAN; JEANINE GONZALES; DIANE
GRIGSBY; WAYNE GRIGSBY; PAULA
GUTIERREZ; CHAD ELLIOTT LEWIS;
CHERYL LEWIS; CLIFFORD LEWIS;
DONALD LEWIS; JERRY LEE LEWIS;
KATHY LYNNETTE LEWIS; KEVIN
LEWIS; LARRY PAUL LEWIS, JR.;
LISA LEWIS; LOUELLA LEWIS;
REGINA LEWIS; TRINA LEWIS-DAVIS;
CARL MEKEALIAN; CONNIE
MEKEALIAN; JENNIFER MEKEALIAN;
LORI MEKEALIAN; MIKE MEKEALIAN;
YVONNE MEKEALIAN; ALEX
MONTGOMERY; CLIFF MONTGOMERY;
FRANCINE MONTGOMERY; VINCENT
MORENO; VALENTINA OLIVER;
DARREN SORONDO,
              *Plaintiffs-Appellants,*

           v.

TABLE MOUNTAIN RANCHERIA, doing
business as Table Mountain
Rancheria Association; LEWIS
BARNES; WILLIAM WALKER; AARON
JONES; CAROLYN WALKER; TWILA
BURROUGH; LEANNE WALKER
GRANT; CRAIG MARTINEZ;

No. 06-15351

D.C. No.
CV-05-00093-MHP

OPINION

Robbie Castro; Ray Barnes;
Vern Castro; Dirk Kempthorne,*
in his official capacity as the
Secretary of the Dept. of Interior;
United States of America,
              *Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Argued and Submitted
October 16, 2007—San Francisco, California

Filed November 29, 2007

Before: Arthur L. Alarcón, David R. Thompson, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Alarcón

---

## SUMMARY

---

### Civil Litigation and Procedure/Jurisdiction

The court of appeals affirmed a judgment of the district court. The court held that a district court lacked subject matter jurisdiction over the claims of a group seeking an order compelling an Indian tribe to admit them as members because the case was indistinguishable from those in which tribal immu-

---

*Dirk Kempthorne is substituted for his predecessor, Gale Norton, as Secretary of the Department of Interior, pursuant to Fed. R. App. P. 43(c)(2).

nity precludes federal court jurisdiction over tribal member-
ship disputes.

After unsuccessfully petitioning the Table Mountain Tribal
Council for admission to appellee the Table Mountain Ran-
cheria (TMR), an Indian tribe, appellants, a group of individu-
als brought suit in district court in California seeking an order
compelling the TMR to admit them as members. The non-
members claimed that TMR failed to comply with and effec-
tuate the settlement in *Table Mountain Rancheria Association
et al. v. James Watt, Secretary of the Interior*, a 1983 district
court decision. The district court concluded that it lacked sub-
ject matter jurisdiction over the nonmembers' claims because
their case was indistinguishable from those in which tribal
immunity precludes federal court jurisdiction over tribal
membership disputes. In so ruling, the district court rejected
the nonmembers' attempts to establish subject matter jurisdic-
tion. The court dismissed the nonmembers' Administrative
Procedure Act (APA) claim brought against appellee the Sec-
retary of the Interior, and did not consider whether it had sup-
plemental jurisdiction over the nonmembers' remaining state
law claims.

The nonmembers appealed, alleging that plaintiffs who
served as class representatives in *Watt* provided inadequate
representation, and that their claims were collateral attacks on
the *Watt* judgment.

[1] Sovereign immunity limits a federal court's subject
matter jurisdiction over actions brought against a sovereign.
Similarly, tribal immunity precludes subject matter jurisdic-
tion in an action against an Indian tribe. [2] To confer subject
matter jurisdiction in an action against a sovereign, in addition
to a waiver of sovereign immunity, there must be statutory
authority vesting a district court with subject matter jurisdic-
tion.

[3] Presumably, the nonmembers' *Watt* theory attempted to
establish subject matter jurisdiction by asserting a due process

violation. [4] Characterizing the nonmembers' claims as collateral attacks on the *Watt* judgment did not establish that the district court had subject matter jurisdiction. The complaint did not collaterally attack the *Watt* judgment. Instead, it alleged that TMR failed to comply with and effectuate the *Watt* settlement. The court of appeals could not consider this claim because it was raised for the first time on appeal.

[5] A federal court has jurisdiction to enforce a settlement agreement in a dismissed case when the dismissal order incorporates the settlement terms, or the court has retained jurisdiction over the settlement contract. [6] Here, the district court lacked ancillary jurisdiction over the nonmembers' claims: they did not allege violations of the *Watt* settlement. Their complaint was premised on the allegation that they were wrongfully excluded from membership in the TMR. This allegation did not constitute a violation of the *Watt* settlement because the *Watt* settlement did not establish membership in the TMR either expressly or by implication. [7] The nonmembers also could not assert ancillary jurisdiction by virtue of the *Watt* settlement's retention of jurisdiction. The *Watt* judgment was entered in 1983, and whatever ancillary jurisdiction the district court had expired in 1984.

[8] The district court did not have jurisdiction pursuant to 28 U.S.C. § 1346(a)(2), because the nonmembers' claims were not founded on the Constitution, an Act of Congress, or a regulation of an executive department. [9] And, the nonmembers could not establish subject matter jurisdiction pursuant to § 1346(b)(1), the Federal Tort Claims Act, because they did not administratively exhaust their claims.

[10] A claim seeking to compel agency action can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take. [11] The nonmembers did not provide any authority for the proposition that any federal agency was required to order the TMR to admit the nonmembers as members. Because the nonmembers

failed to allege any authority to support their APA claim, the district court lacked jurisdiction over the only claim that might have established original jurisdiction. As a result, the district court could not assert supplemental jurisdiction over any remaining state law claims, and the complaint was properly dismissed in its entirety. The judgment of the district court had to be affirmed.

## COUNSEL

Brian C. Leighton, Clovis, California, for the appellants.

Paula M. Yost, Sonnenschein, Nath & Rosenthal, San Francisco, California; Timothy S. Jones, Sagaser, Franson & Jones, Fresno, California; Sue Ellen Wooldridge, Assistant Attorney General, United States Department of Justice, Washington, D.C., Katherine J. Barton, (argued), David B. Glazer and Elizabeth A. Peterson, Department of Justice Environment & Natural Resources Division, Washington, D.C., for the appellees.

## OPINION

ALARCÓN, Circuit Judge:

Appellants appeal from the district court's order dismissing their complaint for lack of subject matter jurisdiction. Appellants are individuals who unsuccessfully petitioned the Table Mountain Tribal Council for admission to the Table Mountain Rancheria, an Indian tribe. Their complaint sought an order compelling the Table Mountain Rancheria to admit them as members. The district court concluded that it lacked subject matter jurisdiction over Appellants' claims because this case was indistinguishable from those in which tribal immunity precludes federal court jurisdiction over tribal membership

disputes. In so holding, the district court rejected Appellants' attempts to establish subject matter jurisdiction.

Appellants contend that this case is distinguishable from those in which tribal immunity precludes jurisdiction. They claim that immunity does not apply because their claims do not involve tribal membership disputes. Instead, they purport to assert a collateral attack on the judgment in *Table Mountain Rancheria Association et al. v. James Watt, Secretary of the Interior*, No. C-80-4595-MHP. Also, they argue that the district court had subject matter jurisdiction by virtue of its ancillary authority to enforce the *Watt* settlement agreement, and that the tribal Appellees' immunity is waived because of their participation in *Watt*. In passing, Appellants assert that the district court had jurisdiction pursuant to 28 U.S.C. § 1346.

We have appellate jurisdiction over this timely appeal from the district court's final judgment pursuant to 28 U.S.C. § 1291, and affirm the judgment of dismissal. The district court properly concluded that it lacked subject matter jurisdiction to order Appellees to admit Appellants as members of the Table Mountain Rancheria. We do not reach the issue of whether tribal immunity defeats Appellants' claims. Appellants' subject matter arguments suffer from a more fundamental flaw: Appellants have failed to establish that the district court has subject matter jurisdiction over their causes of action even if the Table Mountain Rancheria is not immune from suit.

I

In or around 1916, the United States purchased a parcel of land in Fresno County, California from private individuals, and thereafter held the land in trust for the Table Mountain Band of Indians. The land became known as the Table Mountain Rancheria ("TMR"), and was considered an Indian Reservation and "Indian Country" within the meaning of 18 U.S.C.

§ 1151.[1] Rancheria residents were recognized as Indians for purposes of federal law.

On August 18, 1958, Congress enacted the California Rancheria Act, Pub. L. No. 85-671, 72 Stat. 619 (1958). The Rancheria Act, *inter alia*, authorized an exchange of title to Rancheria assets, and a promise that the Bureau of Indian Affairs ("BIA") would continue to provide essential benefits, such as irrigation and educational programs to Rancheria residents, if, in return, the TMR voluntarily relinquished its trust status, and the TMR's residents forfeited their Indian status.

A proposed plan for distribution of Rancheria land, drafted pursuant to the Rancheria Act, divided the Rancheria into parcels, most of which were to be conveyed to individual Rancheria residents. The remaining parcels were earmarked for the Rancheria water system, and were to be conveyed to a legal entity formed solely to receive the remaining parcels. Sometime after July 31, 1959, the proposed plan was approved. As a result, the Rancheria assets were distributed to the Table Mountain Rancheria Association ("TMRA")[2] and individual residents. In addition, the Rancheria lost its trust status, and its residents lost their Indian status.

In 1980, the TMRA, several individuals who had forfeited their Indian status in return for Rancheria assets, along with

---

[1]"[T]he term 'Indian country' . . . means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government . . . , (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof . . . , and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same." 18 U.S.C. § 1151.

[2]The Table Mountain Rancheria Association is described as "the governing body of the American Indian Tribe, Band, or Community consisting of the Indians and their descendants and/or Indian successors in interest for whose benefit the United States of America acquired and created the Table Mountain Rancheria."

several dependent members of their families, filed a putative class action, entitled *Table Mountain Rancheria Association et al. v. James Watt, Secretary of the Interior, et al.*, No. C-80-4595-MHP ("*Watt*"), in the United States District Court for the Northern District of California. The *Watt* complaint named Clarence Jones, Lester Burrough, E.B. Barnes, Lewis Barnes, and William Walker as plaintiffs,[3] and the Secretary of the Interior, the Secretary of Health and Human Services, and the United States, as defendants.

The named plaintiffs in the *Watt* action sought to certify two classes:

> persons named in the distribution plan as distributees of [TMR] assets . . . , or the[ir] Indian heir(s), assign(s), executor(s), administrator(s), or successor(s) in interest . . . who, by reason of having been named as distributees . . . were . . . considered by the [federal] government . . . to have lost their status as Indians under [federal law];

> . . .

> all Indian persons, other than distributees, who were named in the [TMR] distribution plan as dependents of distributees, and who, for that reason, were . . . deemed by the United States . . . to have lost their status as Indians under [federal law].

On April 11, 1983, the district court certified both classes.

The *Watt* plaintiffs alleged that the defendants failed to inform the Rancheria residents who approved the distribution

---

[3]The *Watt* complaint identifies plaintiffs Clarence Jones, Lester Burrough, E.B. Barnes, Lewis Barnes, and William Walker as "persons named in the final plan for the distribution of the assets . . . of the [TMR] . . . as being distributees . . . of the assets of said Rancheria."

plan of "the obligations of the United States under the Rancheria Act, the relative advantages and disadvantages of accepting termination, the options available to them under the Rancheria Act and the legal consequences of exercising those options." The *Watt* complaint further alleged that the *Watt* defendants "caus[ed] plaintiff dependents to be ineligible to receive *federal* services provided exclusively to Indians, and to enjoy other federal rights available to Indians, including such rights as having land held in trust for them." (Emphasis added).

The *Watt* complaint sought rescission of the distribution plan and a declaration "that the purported termination of the [plaintiffs'] Indian status . . . and the trust . . . status of the lands of the Table Mountain Rancheria . . . is void . . . and that plaintiff distributees [and dependents] have been and remain eligible to participate in all *federal programs and benefits provided to Indians because of their status as Indians.*" (Emphasis added).

On March 28, 1983, the *Watt* parties stipulated to a settlement and judgment. The stipulation provided that the named plaintiffs

> represent the class of persons certified as consisting of all persons named in the distribution plan of the Table Mountain Rancheria as distributees of the assets of said Rancheria, or the Indian heir(s), assign(s), executor(s), administrator(s), or successor(s) in interest thereof *who*, by reason of having participated in the distribution of the assets of said Rancheria at any time *have been considered by the government of the United States or any other governmental entity to have lost their status as Indians under the laws of the United States.*

(Emphasis added). The stipulation also required the Secretary of the Interior to list the Table Mountain Band of Indians as

an Indian tribal entity under 25 C.F.R. Part 83.6(b), and permit any class member or successor who received title to an asset because of the 1959 distribution to "elect to restore any such interest [to] federal trust status" by conveying it to the United States for the benefit of the tribe. The *Watt* settlement further stated that "[t]he status of the named individual plaintiffs and class members as Indians under the laws of the United States is confirmed." The settlement provided that plaintiffs would dismiss their damages claims against the Secretary of the Interior and the United States.

The district court approved the stipulated settlement on June 16, 1983. The *Watt* court retained jurisdiction to enforce the judgment for one year after its date of entry.

On December 14, 1983, the Secretary of the Interior published a notice in the Federal Register, pursuant to 25 C.F.R. § 83.6(b), designating the TMR as a federally recognized "Indian tribal entity" eligible to receive services from the BIA. Indian Tribal Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 48 Fed. Reg. 56,862-02, 56,866 (Dec. 14, 1983).[4]

Sometime thereafter, the TMR enacted a constitution and

_____

[4]This notice is somewhat inconsistent with the *Watt* settlement, which required the Secretary of the Interior to list "the Table Mountain Band of Indians as an Indian Tribal entity." However, it also required the United States to hold land in trust for "the Table Mountain Band of Indians or the Indians of the Table Mountain Rancheria, as may be specified in the instrument(s) of conveyance." The *Watt* complaint identifies the *Watt* plaintiffs as those individuals who lost their status as Indians under federal law as a result of their participation in the Table Mountain distribution plan, not as the individuals who made up the Table Mountain Band of Indians. Also, the *Watt* plaintiffs are referred to collectively as "the Indians of the Table Mountain Rancheria." Appellants seek admission to the Table Mountain Rancheria, and identify that entity as "a party plaintiff in [*Watt*]." Therefore, we refer to the tribe defendant in this case as the Table Mountain Rancheria, not as the Table Mountain Band of Indians.

established TMR membership requirements. Section 1 of the constitution stated:

> The membership of the TMR shall consist of the following:
>
> (a)    All persons of California Indian descent who were listed as distributees or dependent members of distributees in the plan for the distribution of the assets of the Table Mountain Rancheria as approved by the Commissioner of Indian Affairs on July 16, 1959.
>
> (b)    All lineal descendants of persons named on the base roll provided such descendants possess at least one-quarter (1/4) degree California Indian blood, regardless of whether the ancestor through whom eligibility is claimed is living or deceased.

The Table Mountain Tribal Council interprets and applies these provisions.

After the adoption of the tribal constitution, the plaintiffs in this action unsuccessfully petitioned the tribal council for admission to the Table Mountain Rancheria. They alleged entitlement to membership because they "are direct descendants of and/or dependents of or off-spring of dependents of distributees . . . of the 1958 distribution plan" and have the requisite degree of California Indian blood.

## II

On January 6, 2005, Plaintiffs/Appellants filed the instant action in the United States District Court for the Northern District of California, the same court in which the *Watt* action was filed. They named as defendants the TMR,[5] several mem-

---

[5]The *Watt* complaint's caption lists the TMR as "dba or successor to the Table Mountain Rancheria Association."

bers of the Table Mountain Tribal Council, a former Table
Mountain Tribal Council chairperson, several current tribal
members who served as representatives of the plaintiff classes
in *Watt*, the Secretary of the Interior, and the United States.

The complaint in this action ("2005 complaint") alleges a
claim for breach of the covenant of good faith and fair dealing
against all Appellees because of their purported failure to
insure that Appellants "were treated the same as the named
parties in [*Watt*]." The 2005 complaint seeks damages for this
particular breach against the non-government defendants, and
declaratory and injunctive relief against the United States and
the Secretary of the Department of the Interior. The 2005
complaint also alleges a claim for breach of fiduciary duty
against all non-government Appellees, who allegedly partici-
pated in an ongoing conspiracy to refuse appellants member-
ship in the tribe. Appellants allege that the duty arose by
virtue of the Appellees' role as *Watt* class representatives. The
2005 complaint alleges that this particular breach entitled
Appellants to "any and all benefits provided by the [TMR] to
any and all members . . . which would include . . . casino prof-
its."

Additionally, the 2005 complaint prays for an injunction
requiring the tribe to recognize Appellants as members of the
TMR; declaratory relief that Appellants are members of the
TMR and equally entitled to benefits "from the federal gov-
ernment and [TMR]" as are other members of the tribe; and
"a full accounting of any and all benefits bestowed by the fed-
eral government Defendants to Table Mountain Rancheria
and/or any of its members from 1983 to the present." The
2005 complaint also seeks an order compelling the United
States and the Secretary of the Interior to order the TMR to
admit the plaintiffs as members.

On July 27, 2005, the district court granted in part and
denied in part the Appellees' motion to dismiss for lack of
jurisdiction. It concluded that "neither an act of Congress nor

the stipulated judgment in the *Watt* action provides any basis for [the district court's] exercise of jurisdiction over tribal membership determinations." In particular, the district court concluded that the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.*, did not confer subject matter jurisdiction to determine whether the tribe or its officers "acted wrongfully in denying [Appellants'] membership applications." Also, the district court distinguished Appellants' claims from those which attack a judgment collaterally, noting that Appellants "have not elected to plead their case on [a collateral attack] theory."

Next, the district court noted that the relief sought against the government defendants "appears to be premised upon the fact that the Secretary of the Interior breached a duty owed to [Appellants] by failing to order the Tribe to admit them as members." The district court concluded that Appellants "failed to cite any federal statute or treaty" authorizing the government defendants to force the TMR or its officers to admit any particular individual as a member. Therefore, it concluded that it lacked subject matter jurisdiction over the breach of duty claims brought against the government defendants.

Finally, the district court addressed the question of whether Appellants could "maintain a claim for declaratory and injunctive relief under the APA" in order to review the Secretary of the Interior's "failure to act upon a petition to admit [Appellants] as members of [the TMR]." The district court stated that the APA "gives rise to federal question jurisdiction," but only for claims brought against a federal agency, and not claims brought against the United States. It determined that the 2005 complaint failed "to state a claim for relief under the APA." As a result, all claims against the tribal defendants, the *Watt* plaintiffs, and the United States were dismissed with prejudice. The APA claim against the Secretary of the Interior was "dismissed without prejudice" with

leave to amend. No amendment was filed. The complaint was dismissed in its entirety on December 6, 2005.

## III

Appellants contend that the district court erred in ruling that it lacked subject matter jurisdiction over their claims. We review a dismissal for lack of subject matter jurisdiction *de novo*. *Lewis v. Norton*, 424 F.3d 959, 961 (9th Cir. 2005).

### A

As a preliminary matter, we address Appellants' attempt to distinguish this case from those in which tribal immunity precludes federal court jurisdiction over tribal membership disputes. *See, e.g.*, *Opening Br.* at 51 ("[T]he tribe does not have immunity . . . since it waived that immunity in its pursuit as a party plaintiff in [*Watt*]."). We do not reach this contention, because even if it had merit, it would not mandate reversal. Appellees contend that the district court lacked subject matter jurisdiction because "Appellants' complaint contains no federal claim for relief." *Tribal Appellees' Resp. Br.* at 11. We agree and affirm on this ground.

**[1]** Sovereign immunity limits a federal court's subject matter jurisdiction over actions brought against a sovereign. *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). Similarly, tribal immunity precludes subject matter jurisdiction in an action against an Indian tribe. *Lewis*, 424 F.3d at 961. Yet the absence of immunity does not establish the presence of subject matter jurisdiction. Rather, the cornerstone of federal subject matter jurisdiction is statutory authorization. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005) ("[F]ederal courts have no jurisdiction without statutory authorization.").

**[2]** To confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign

immunity, there must be statutory authority vesting a district court with subject matter jurisdiction. *See, e.g., Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991) (explaining that in order to maintain an action against the United States, there must be both "statutory authority granting subject matter jurisdiction" and "a waiver of sovereign immunity"). Therefore, to establish that the district court had subject matter jurisdiction over their claims, Appellants cannot rest on the assertion that principles of immunity do not apply. Rather, Appellants must establish some form of statutory authorization for their claims. *See Vacek*, 447 F.3d at 1250 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (explaining that the party asserting jurisdiction has the burden of establishing jurisdiction).

The district court described federal courts' hesitation to intrude upon matters of tribal membership as a "straightforward application of the doctrine of sovereign immunity." However, Appellants' case is more infirm than those in which we have found a lack of subject matter jurisdiction as a result of tribal immunity. Indeed, the leading cases on federal jurisdiction over tribal matters arise in the context of claims for which a federal court's has federal question jurisdiction. *See Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1116 (9th Cir. 1985) (explaining that respect for tribal self-government exempts "purely intramural matters such as conditions of tribal membership, inheritance rules, and domestic relations from the general rule that otherwise applicable federal statutes apply to Indian tribes"); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 51-52 (1978) (declining to read Title I of the Indian Civil Rights Act of 1968 (ICRA), 25 U.S.C. §§ 1301-1303, to authorize a cause of action in federal court for declaratory and injunctive relief to enforce the ICRA's substantive provisions). Tribal immunity in those cases precluded jurisdiction even though the claims at issue implicated

federal statutes. As explained below, Appellants' arguments fail regardless of whether tribal immunity applies.[6]

**B**

Appellants first contend that the district court mistakenly analyzed their claims as membership disputes beyond the court's jurisdiction. They argue that their claims are collateral attacks on the *Watt* judgment. They allege that the Appellees who served as class representatives in *Watt* provided inadequate representation.

[3] Presumably, this theory attempts to establish subject matter jurisdiction by asserting a due process violation. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("[T]he Due Process Clause of course requires that the named plaintiff at all times adequately represent the interests of the absent class members."). A due process claim provides subject matter jurisdiction when it is supported by facts "sufficient to state a violation of substantive or procedural due process." *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000) (internal quotation marks omitted).

[4] Characterizing Appellants' claims as collateral attacks on the *Watt* judgment does not establish that the district court had subject matter jurisdiction. The 2005 complaint does not collaterally attack the *Watt* judgment. Instead, it alleges that Appellees failed to comply with and effectuate the *Watt* settlement. *See, e.g.*, 2005 Complaint at 26 (requesting that "this Court . . . issue declaratory judgment . . . that these Defendants . . . must comply with the stipulated judgment [in *Watt*]

---

[6]In approaching subject matter jurisdiction in this manner, we do not criticize the district court's immunity-based conclusions. The holding in *Santa Clara Pueblo v. Martinez* has been interpreted to preclude federal court jurisdiction over challenges to tribal membership on the basis that tribes are immune from suit. *Lewis*, 424 F.3d at 961. We reach the same conclusion as the district court, but rely on a more basic, although in no way superior, principle.

. . ."). Claims of inadequate representation are nowhere to be found in Appellants' 2005 complaint. As a result, we may not consider this claim because it is raised for the first time on appeal. *See Cold Mt. v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004).

C

In concluding that it lacked jurisdiction to enforce the *Watt* judgment, the district court found that the relief Appellants sought was beyond the scope of the *Watt* judgment. Also, it determined that the terms of the *Watt* settlement provided jurisdiction to enforce the settlement only through June 16, 1984. The district court concluded that Appellants could not resort to principles of ancillary jurisdiction to overcome sovereign immunity.

Appellants challenge the district court's determination that it lacked ancillary jurisdiction to enforce the *Watt* judgment. First, Appellants argue that the district court erred in determining that they could not seek enforcement of the *Watt* settlement because they were not parties in *Watt*. Next, they contend that the district court erred in concluding that *Watt* did not involve questions of tribal membership. Third, they argue that the government appellees are bound by the *Watt* judgment.

The fact that *Watt* was a federal lawsuit does not establish jurisdiction over an action to enforce the terms of its settlement. *See O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (stating that federal courts do not enjoy any inherent jurisdiction to enforce a settlement agreement "simply because the subject of that settlement was a federal lawsuit"). In general, "[e]nforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.

[5] The doctrine of ancillary jurisdiction provides an exception to this rule. Federal courts have ancillary jurisdiction "over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Id.* Specifically, a federal court has jurisdiction to enforce a settlement agreement in a dismissed case when the dismissal order incorporates the settlement terms, or the court has retained jurisdiction over the settlement contract. *Id.* at 381-82. In both instances, the party seeking enforcement of the settlement agreement must allege a violation of the settlement agreement in order to establish ancillary jurisdiction. *See O'Connor*, 70 F.3d at 532 ("Without a violation of the court's order, there is no jurisdiction.").

[6] The district court did not err in holding that it lacked ancillary jurisdiction over Appellants' claims. Appellants have not alleged violations of the *Watt* settlement. Their 2005 complaint is premised on the allegation that they were wrongfully excluded from membership in the TMR. This allegation does not constitute a violation of the *Watt* settlement because the *Watt* settlement did not establish membership in the TMR either expressly or by implication. Rather, the settlement provided that "[t]he status of the named individual plaintiffs and class members as Indians under the laws of the United States is confirmed."

Appellants cite no authority for the proposition that gaining Indian status under federal law is equivalent to acquiring membership in a tribe. The requirements that determine Indian status "vary depending upon the purpose for which Indian status is claimed." *United States v. Bruce*, 394 F.3d 1215, 1222 (9th Cir. 2005). In at least one instance, "[t]ribal enrollment is 'the common evidentiary means of establishing Indian status, but it is not the only means nor is it necessarily determinative.' " *Id.* at 1224 (citation omitted) (defining Indian status for purposes of 18 U.S.C. § 1152). We are not persuaded that the *Watt* judgment determined the *Watt* plaintiffs' membership in a tribe simply because it made findings

regarding the plaintiffs' Indian status. Whether any of the Appellees have failed to recognize Appellants as tribe members is immaterial for purposes of the district court's jurisdiction. Appellants' 2005 complaint did not allege a violation of the *Watt* settlement within the district court's ancillary jurisdiction.

[7] Appellants also cannot assert ancillary jurisdiction by virtue of the *Watt* settlement's retention of jurisdiction. The *Watt* settlement only extended jurisdiction "for a period of one year from entry of judgment, or for such longer time as may be shown to be necessary on a motion duly noticed by any party within one year from entry of judgment." The *Watt* judgment was entered on June 16, 1983. Therefore, whatever ancillary jurisdiction the district court had expired on June 16, 1984.

## D

In their statement of jurisdiction, Appellants assert that the district court had jurisdiction pursuant to "28 U.S.C. § 1331, and 28 U.S.C. § 1346, as the United States or an agency of the United States was a defendant in the matter." *Opening Br.* at 8. We surmise that this is an attempt to establish federal question jurisdiction. This attempt also fails.

[8] The only arguably relevant provisions of 28 U.S.C. § 1346 vest the district courts with original jurisdiction over civil actions in which the United States is the defendant. Pursuant to Section 1346(a)(2), district courts have subject matter jurisdiction over certain types of civil actions "against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States." Appellants' claims are not founded on the Constitution, an Act of Congress, or a regulation of an executive department. To the extent that they are founded on a breach of the settlement agreement,

Section 1346(a)(2) does not establish jurisdiction on that ground because it "impliedly forbids" the only kind of relief (declaratory and injunctive) sought against the United States. *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1485 (9th Cir. 1985).

**[9]** Section 1346(b)(1), the Federal Tort Claims Act (FTCA), waives the United States' sovereign immunity "in a defined category of cases involving negligence committed by federal employees in the course of their employment." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006). Appellants cannot establish subject matter jurisdiction through the FTCA because they have not administratively exhausted their claims. *See Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992) (explaining that "[t]he Federal Tort Claims Act . . . vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees," but "before an individual can file an action against the United States in district court, she must seek an administrative resolution of her claim" to establish subject matter jurisdiction).

**E**

Finally, we conclude that the district court did not err in failing to consider whether it had original jurisdiction over Appellants' APA claim brought against the Secretary of the Interior, and supplemental jurisdiction over Appellants' remaining state law claims.

The APA provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The district court dismissed the APA claim brought against the United States for lack of subject matter jurisdiction, concluding that "claims under the APA must be filed against a federal 'agency' within the meaning of 5 U.S.C. § 551(1)." The district court dismissed the APA claim brought against

the Secretary of the Interior because Appellants did not allege
that they had exhausted their administrative remedies. How-
ever, the district court noted that "[t]here is some chance . . .
that [Appellants] can state a claim for relief under the APA"
based on the Secretary of the Interior's duty "to order the
[TMR] to admit them as members," and granted leave to
amend that claim. Appellants did not amend their APA claim
against the Secretary of the Interior, and as a result, the dis-
trict court later dismissed the entire 2005 complaint with prej-
udice.

The district court did not expressly address the question of
whether it had subject matter jurisdiction over the APA claim
brought against the Secretary of the Interior. Therefore, dis-
missal of that claim did not resolve the questions of whether
the district court had to assume supplemental jurisdiction over
Appellants' state law claims, or whether it could decline to
exercise supplemental jurisdiction over the state law claims.
*See* 28 U.S.C. §§ 1367(a), (c).

We do not review the district court's failure to address
those issues. Rather, we affirm the district court's dismissal of
the APA claim brought against the Secretary of the Interior,
and its dismissal of the 2005 complaint as a whole, on an
alternate ground supported by the record. *See Atel Fin. Corp.
v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) (per
curiam) ("We may affirm a district court's judgment on any
ground supported by the record, whether or not the decision
of the district court relied on the same grounds or reasoning
we adopt.").

[10] In their opposition to Appellees' motion to dismiss,
Appellants alleged that their APA claim related to the Secre-
tary of the Interior's failure to comply with its duty under the
*Watt* judgment, and the Secretary's "statutory duty under Part
290 of Title 25, C.F.R." This claim seeks to compel agency
action. *See* § 706(1) (providing a cause of action to "compel
agency action unlawfully withheld or unreasonably delayed").

15378    Alvarado v. Table Mountain Rancheria

Therefore, it " 'can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*' " *Gros Ventre Tribe v. United States*, 469 F.3d 801, 814 (9th Cir. 2006) (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004)). Absent such an assertion, a Section 706(1) claim may be dismissed for lack of jurisdiction. *Id.*

[11] Appellants did not provide any authority for the proposition that *any* federal agency was required to order the TMR to admit Appellants as members. In fact, "Appellants decided not to amend the complaint on the APA issue, because of the relative unimportance of that issue, and because it would have delayed appeal of the matter." *Opening Br.* at 5 n.1. As discussed *infra*, the *Watt* settlement did not require the Secretary of the Interior to force the TMR to admit Appellants as members. Because Appellants failed to allege any authority to support their APA claim, the district court lacked jurisdiction over the only claim that might have established original jurisdiction (i.e., federal question jurisdiction under 28 U.S.C. § 1331). As a result, the district court could not assert supplemental jurisdiction over any remaining state law claims, and the 2005 complaint was properly dismissed in its entirety.

**AFFIRMED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.

INTERNAL USE ONLY: Proceedings include all events.
06-15351 Alvarado, et al v. Table Mountain, et al

PEARL ALVARADO                    Brian C. Leighton, Esq.
     Plaintiff - Appellant       FAX 559/297-6194
                                  559/297-6190
                                  [COR LD NTC ret]
                                  701 Pollasky Avenue
                                  Clovis, CA 93612

ELISHIA ARENAS                    Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

MARIO ARENAS, JR.                 Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

DANNY DANIELS                     Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

KATHLEEN DAVIS                    Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

CHREYL DURAN                      Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

JEANINE GONZALES                  Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

DIANE GRIGSBY                     Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

WAYNE GRIGSBY                     Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

PAULA GUTIERREZ                   Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

CHAD ELLIOTT LEWIS                Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

CHERYL LEWIS                      Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

CLIFFORD LEWIS                    Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                  [COR LD NTC ret]

```
                                                        MOAPPI INVATT
                                                                      i
```

INTERNAL USE ONLY: Proceedings include all events.
06-15351 Alvarado, et al v. Table Mountain, et al


DONALD LEWIS                      Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

JERRY LEE LEWIS                   Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

KATHY LYNNETTE LEWIS             Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

KEVIN LEWIS                       Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

LARRY PAUL LEWIS, JR.            Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

LISA LEWIS                        Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

LOUELLA LEWIS                     Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

REGINA LEWIS                      Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

TRINA LEWIS-DAVIS                Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

CARL MEKEALIAN                    Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

CONNIE MEKEALIAN                  Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

JENNIFER MEKEALIAN               Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

LORI MEKEALIAN                    Brian C. Leighton, Esq.
     Plaintiff - Appellant       (See above)
                                 [COR LD NTC ret]

MIKE MEKEALIAN                    Brian C. Leighton, Esq.

INTERNAL USE ONLY: Proceedings include all events.
06-15351 Alvarado, et al v. Table Mountain, et al

    Plaintiff - Appellant        (See above)
                             [COR LD NTC ret]

YVONNE MEKEALIAN            Brian C. Leighton, Esq.
    Plaintiff - Appellant        (See above)
                             [COR LD NTC ret]

ALEX MONTGOMERY              Brian C. Leighton, Esq.
    Plaintiff - Appellant        (See above)
                             [COR LD NTC ret]

CLIFF MONTGOMERY            Brian C. Leighton, Esq.
    Plaintiff - Appellant        (See above)
                             [COR LD NTC ret]

FRANCINE MONTGOMERY        Brian C. Leighton, Esq.
    Plaintiff - Appellant        (See above)
                             [COR LD NTC ret]

VINCENT MORENO               Brian C. Leighton, Esq.
    Plaintiff - Appellant        (See above)
                             [COR LD NTC ret]

VALENTINA OLIVER           Brian C. Leighton, Esq.
    Plaintiff - Appellant        (See above)
                             [COR LD NTC ret]

DARREN SORONDO               Brian C. Leighton, Esq.
    Plaintiff - Appellant        (See above)
                             [COR LD NTC ret]


  v.

TABLE MOUNTAIN RANCHERIA,     Paula Yost
doing business as Table        FAX 415/882-0300
Mountain Rancheria Association  415/882-5000
    Defendant - Appellee       26th Floor
                             [COR LD NTC ret]
                             Jennifer A. Bunshoft, Esq.
                             FAX 415/882-0300
                             415/882-5000
                             26th Floor
                             [COR ret]
                             SONNENSCHEIN NATH & ROSENTHAL,
                             LLP
                             525 Market St.
                             San Francisco, CA 94105-2708

                             Timothy S Jones, Esq
                             FAX 559/233-9330
                             559/233-4800
                             [COR LD NTC ret]
                             SAGASER FRANSON & JONES

INTERNAL USE ONLY: Proceedings include all events.
06-15351 Alvarado, et al v. Table Mountain, et al

                              2445 Capitol St.
                              P.O. Box 1632
                              Fresno, CA 93717-1632

LEWIS BARNES                  Paula Yost
     Defendant - Appellee     (See above)
                              [COR LD NTC ret]

                              Timothy S Jones, Esq
                              (See above)
                              [COR LD NTC ret]

WILLIAM WALKER                Paula Yost
     Defendant - Appellee     (See above)
                              [COR LD NTC ret]

                              Timothy S Jones, Esq
                              (See above)
                              [COR LD NTC ret]

AARON JONES                   Paula M. Yost, Esq.
     Defendant - Appellee     FAX 415/882-0300
                              415/882-5000
                              26th Flr.
                              [COR LD NTC ret]
                              SONNENSCHEIN NATH & ROSENTHAL,
                              LLP
                              525 Market St.
                              San Francisco, CA 94105-2708

                              No appearance

CAROLYN WALKER                Paula Yost
     Defendant - Appellee     (See above)
                              [COR LD NTC ret]

                              Timothy S Jones, Esq
                              (See above)
                              [COR LD NTC ret]

TWILA BURROUGH                Paula Yost
     Defendant - Appellee     (See above)
                              [COR LD NTC ret]

                              Timothy S Jones, Esq
                              (See above)
                              [COR LD NTC ret]

LEANNE WALKER GRANT           Paula Yost
     Defendant - Appellee     (See above)
                              [COR LD NTC ret]

                              Timothy S Jones, Esq
                              (See above)

INTERNAL USE ONLY: Proceedings include all events.
06-15351 Alvarado, et al v. Table Mountain, et al

                              [COR LD NTC ret]

CRAIG MARTINEZ                Paula Yost
     Defendant - Appellee     (See above)
                              [COR LD NTC ret]

                              Timothy S Jones, Esq
                              (See above)
                              [COR LD NTC ret]

ROBBIE CASTRO                 Paula Yost
     Defendant - Appellee     (See above)
                              [COR LD NTC ret]

                              Timothy S Jones, Esq
                              (See above)
                              [COR LD NTC ret]

RAY BARNES                    Paula Yost
     Defendant - Appellee     (See above)
                              [COR LD NTC ret]

                              Timothy S Jones, Esq
                              (See above)
                              [COR LD NTC ret]

VERN CASTRO                   Paula Yost
     Defendant - Appellee     (See above)
                              [COR LD NTC ret]

GALE . NORTON, in her official    Katherine J. Barton, Esq.
capacity as the Secretary of      FAX 202/353-1873
the Dept. of Interior             202/353-7712
     Defendant - Appellee         [COR LD NTC gov]
                                  DOJ - U.S. DEPARTMENT OF
                                  JUSTICE
                                  Environment & Natural Resources
                                  Division
                                  P.O. Box 23795, L'Enfant Plaza
                                  Station
                                  Washington, DC 20026-3795

                                  David Glazer
                                  415/744-6491
                                  [COR LD NTC]
                                  U.S. Department of Justice
                                  301 Howard St
                                  Suite 870
                                  San Francisco, CA 94105

UNITED STATES OF AMERICA          Katherine J. Barton, Esq.
     Defendant - Appellee         (See above)
                                  [COR LD NTC gov]

INTERNAL USE ONLY: Proceedings include all events.
06-15351 Alvarado, et al v. Table Mountain, et al

        David Glazer
        (See above)
        [COR LD NTC gov]